IN THE DISTRICT COURT WITHIN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MONICA MARIA SKRZYPCZAK, )
    Plaintiff, )
)   **08 CV - 298 GKF PJC**
)   Case No. :
vs. )
)   Jury Trial Demanded
)
ROMAN CATHOLIC DIOCESE OF )   Attorney Lien Claimed
TULSA, INC., a Domestic Not For Profit )
Business Corporation, )
    Defendants. )
)

## PETITION

COMES NOW the Plaintiff, Monica Skrzypczak, and for her claims against the Defendant, Roman Catholic Diocese of Tulsa, Inc., alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Roman Catholic Diocese of Tulsa, Inc. is a domestic not for profit business corporation organized under the laws of the State of Oklahoma, regularly conducting business in Tulsa County and regularly employing more than fifteen (15) people.

3. The wrongful acts of the Defendant that gave rise to this dispute occurred in Tulsa County, Oklahoma.

4. Plaintiff filed a charge of discrimination against the Defendant with the Oklahoma Human Rights Commission complaining of discrimination based on her gender and age. A Notice of Right to Sue was received by Plaintiff on or about March 13, 2008, and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to

Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

5. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma

**STATEMENT OF FACTS**

6. Paragraphs 1-5 are incorporated herein by reference.

7. Plaintiff is a fifty-year old female.

8. Plaintiff was employed with Defendant from April 28, 1996 through June 5, 2007.

9. Plaintiff position was Administrative Director of the Department of Religious Formation.

10. During her employment, Plaintiff was paid less than other men in similar positions with similar duties. Plaintiff was also paid less than men who she supervised.

11. Despite increased duties and above standard performance, Plaintiff's only raises were cost of living increases.

12. Upon information and belief, males in similar positions as department heads received raises attributed solely to their position that were not afforded to Plaintiff.

13. Further, Defendant's Bishop made discriminatory comments about women. His attitude toward women, and Plaintiff in particular, along with his disparaging comments, created a hostile work environment.

14. Plaintiff was terminated from her position with no explanation and replaced by younger, less-qualified men.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON GENDER (TITLE VII)**

15. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-14.

16. By terminating the Plaintiff without a legitimate cause and replacing her with substantially less-qualified male employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION BASED ON AGE (ADEA)

17. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-16.

18. Plaintiff, an employee of Defendant for over ten years, was terminated and replaced by lesser qualified, younger male employees.

19. By treating Plaintiff differently than less qualified employees under the age of forty (40) years, the Defendant has violated the Age Discrimination in Employment Act of 1967.

## THIRD CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

20. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-19.

21. Defendant's Bishop's conduct and attitude toward women combined with his disparaging remarks about women were so sever and pervasive that they altered the conditions of employment and created a hostile working environment.

22. By subjecting Plaintiff to a hostile work environment and failing to ensure a non-hostile work environment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

## FOURTH CLAIM FOR RELIEF
## UNEQUAL PAY IN VIOLATION OF THE EQUAL PAY ACT

23. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-22.

24. Plaintiff was performing work which was substantially equal to that of male employees considering skills, duties, supervision, effort, and responsibilities of the jobs.

25. The conditions where work was performed were basically the same for Plaintiff and that of male employees.

26. Plaintiff is informed and believes that male employees were paid more under the circumstances in violation of the Equal Pay Act, 29 USC §206(d).

27. As a proximate result of the gender discriminatory employment practices and other wrongful acts alleged herein, Plaintiff has suffered loss of income.

## FIFTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

28. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-27.

29. Plaintiff and Defendant had an express contract based on Defendant's Code of Ethical Standards for Church Leaders and Diocesan Personnel Handbook.

30. The Code of Ethical Standards for Church Leaders provides many assurances including, but not limited to: "Church leaders are committed to providing a professional work environment for their employees, which is totally free from discrimination. This commitment continues the Diocesan policy of fair and equal employment in accordance with the law."

31. The Diocesan Personnel Handbook makes many assurances including, but not limited to: "The Diocese of Tulsa maintains a firm policy of equal opportunity. We hire, train, promote, and compensate employees on the basis of personal competence and potential for advancement without regard to race, color, sex, national origin, age, or disability."

32. Defendant made an offer to Plaintiff to continue her employment.

33. Defendant's offer included the terms of the Code of Ethical Standards of Church Leaders and the Diocesan Personnel Handbook.

34. These terms were definite and the sort that a reasonable person would justifiably rely upon.

35. Plaintiff relied upon these terms when she accepted the offer by continuing to work for Defendant.

36. Defendant breached the contract by discriminating against Plaintiff based on her age and gender and by failing to ensure a non-hostile work environment.

37. Plaintiff suffered damages as a direct result of Defendant's breach of contract.

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff, Monica Skrzypczak, incorporates as if realleged Paragraphs 1-37.

39. The acts of the Defendant's Bishop were intentional and reckless in that Defendant's Bishop was aware of his discriminatory motives and deliberately disparaged women and treated Plaintiff differently than male employees.

40. In the setting in which they occurred, the conduct of Defendant's Bishop were so extreme and outrageous at to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

41. The Bishop was known to have unpredictable outbursts at Plaintiff. The sudden anger was not due to performance problems but because of her gender. This attitude toward Plaintiff ended in her eventual termination.

42. Defendant intentionally or recklessly caused Plaintiff to experience severe emotional distress that only increased with her unexplained termination. This distress was beyond that which a reasonable person could be expected to endure.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Petition.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Ten Thousand Dollars ($10,000.00), punitive damages in excess of One Hundred Thousand Dollars ($100,000.00), with interest accruing from date of filing of suit, reasonable attorney's fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN & SMOLEN, PLLC**

Daniel E. Smolen, OBA #19943
Donald E. Smolen, II, OBA #19944
320 South Boston Avenue, Ste. 1125
Tulsa, OK 74103
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*